IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID BOLDEN, | : | |
| Plaintiff, | : | Case No. 5:24-CV-00477-MTT-CHW |
| v. | : | |
| Warden WALTER BERRY, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendant. | : | |

## ORDER

*Pro se* Plaintiff David Bolden, a prisoner in Johnson State Prison in Wrightsville, Georgia filed a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 4. He also moved to proceed without prepayment of the filing fee. ECF No. 5. Plaintiff's complaint and motion to proceed *in forma pauperis* are both deficient. Should Plaintiff wish to proceed with this action, he must file a recast complaint that complies with the instructions shown below and motion to proceed *in forma pauperis* that includes a certified copy of his trust fund account statement.

**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 5. However, a prisoner seeking to proceed *in forma pauperis* must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the

filing of the complaint." 28 U.S.C. § 1915(a)(2). Plaintiff has failed to file a certified account statement as required by the statute. Accordingly, Plaintiff is **ORDERED** to file a certified account statement signed by a corrections official showing his transactions for the preceding six months so that the Court may properly evaluate his motion to proceed *in forma pauperis*. Plaintiff is further notified that even if he is allowed to proceed *in forma pauperis* with or without a partial initial filing fee, a Plaintiff must nevertheless pay the full amount of the filing fee in installments based on funds in the prisoner's account even if the Plaintiff's complaint (or any part thereof) is dismissed. 28 U.S.C. § 1915(b).

## INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Here, Plaintiff's claims arise from his incarceration at Baldwin State Prison in July 2024. ECF No. 4 at 5. Plaintiff states that his hand was slammed in a tray flap by other inmates leading to the loss of his fingertip. *Id*. Plaintiff complains that "[p]er SOP policy, inmates are not supposed to have access to open or close door flaps" and that he had to receive aid from other inmates because "[t]here was no officer around at the time." *Id*.

Plaintiff's complaint in its present form is not sufficient to establish any § 1983 claim. Although Plaintiff names Warden Walter Berry as the Defendant, there are no allegations within the body of the complaint to indicate that Warden Berry has

2

committed any unconstitutional act.  *See* ECF No. 4 at 4-5.  A district court properly dismisses a complaint when the complaint, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.  *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff's intent is to hold Defendant Berry liable under a theory of *respondeat superior* or vicarious liability, his complaint still fails to state a claim.   Supervisors such as Prison Commissioners, Wardens, Deputy Wardens, and so forth are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.  *See Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014) ("supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability"); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims

3

against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Lastly, "[i]n a § 1983 action, a federal court considers whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated." *Jones v. Schofield*, No. 1:08-CV-7 WLS, 2009 WL 902154, at 3 (M.D. Ga. Mar. 30, 2009) (*citing Rineholtz. v. Campbell* 64 F.Supp.2d 721, 731 (W.D.Tn.1999). "Prison regulations ... were never intended to confer rights on inmates or serve as a basis for constitutional claims." *Id*. "Instead, [state prison] regulations, as well as the Unified Code [of Corrections], were designed to provide guidance to prison officials in the administration of prisons." *Id*. "Prison regulations and Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or redressed in a § 1983 action." *Id*. Therefore, any § 1983 claim raised by the Plaintiff based upon a violation of standardized prison rules or policies is subject to dismissal.

The Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Therefore, Plaintiff is required to submit an amended complaint if he wishes to proceed with his claims. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough

facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?[1]

(2) Is the Defendant a supervisory official and if so, was he/ she personally involved in the constitutional violation? If not, did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) What relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal

---

[1] To state a claim under § 1983, a plaintiff must allege an action or omission by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Fellow inmates predominantly do not meet the criteria to be deemed state actors in federal civil rights claims pursuant to § 1983. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993); *Jackson v. Strickland*, No. 4:17-CV-243-CDL-MSH, 2018 WL 2424140, at *2 (M.D. Ga. Apr. 4, 2018), *report and recommendation adopted*, 2018 WL 2422318 (M.D. Ga. May 29, 2018) (dismissing plaintiff's claims against a fellow inmate for an assault).

terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Additionally, Plaintiff is not to include any exhibits or attachments. ***The complaint must be no longer than ten (10) pages in its entirety.***

Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.

## CONCLUSION

In sum, if Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his Complaint on the Court's standard § 1983 form as instructed, and (2) submit a certified account statement that is signed by the appropriate corrections official which includes a statement of Plaintiff's account transactions for the previous six months. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form and an account certification form along with his service copy of this order (with the civil action number showing on all).

**SO ORDERED and DIRECTED**, this 6th day of February, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge