IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID BOLDEN, | : | |
| Plaintiff, | : | Case No. 5:24-CV-00477-MTT-CHW |
| v. | : | |
| Warden WALTER BERRY, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendant. | : | |

**ORDER AND RECOMMENDATION**

*Pro se* Plaintiff David Quinton Bolden, a prisoner in Johnson State Prison in Wrightsville, Georgia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 4. Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 2 and 5. Plaintiff's motions for leave to proceed IFP are **GRANTED**, as discussed below, and thus, his complaint is ripe for preliminary review. On review, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice** for failing to obey an order of the court and for failing to state a claim upon which relief may be granted.

**MOTION FOR LEAVE TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF Nos. 2 and 5. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's

custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.   Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by

attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a

4

cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. <u>Plaintiff's Allegations</u>

According to his amended complaint,[1] Plaintiff's claims arise from his prior incarceration at Baldwin State Prison in Hardwick, Georgia. ECF No. 4 at 5. Plaintiff states that on July 12, 2024, while he was cleaning his cell with bleach, his door flap was left open for ventilation. *Id*. Plaintiff states that he was talking to an inmate through the tray flap when another prisoner "ran up to [his] flap and closed [his] hand up in it." *Id*.

---

[1] Plaintiff's amended complaint is the operative complaint in this civil action. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.") (citations omitted).

5

Plaintiff states that while his hand was trapped in the flap that another prisoner "took running steps and kicked the flap, cutting the tip of [Plaintiff's] finger off." *Id*. Plaintiff complains that "[t]here was not officer around at the time" and that "[p]er SOP policy, inmates are not supposed to have access to open or close door flaps." *Id*. Plaintiff seeks damages. *Id.* at 6.

### III. Plaintiff's Claims

#### A. Dismissal warranted for failure to obey a court order

On February 6, 2025, Plaintiff was advised of the defects with his complaint and was ordered to recast his complaint within fourteen days. ECF No. 6. Plaintiff was cautioned that "failure to fully and timely comply with this Order may result in the dismissal of this Complaint". *Id*. at 6. Plaintiff did not submit a recast complaint as instructed. Therefore, on March 19, 2025, the Court notified Plaintiff that he failed to obey an Order of the Court. ECF No. 7. Plaintiff was then ordered to show cause why this action should not be dismissed for failure to comply with the Court's Order. *Id*. The Court unambiguously informed Plaintiff that this action could be dismissed if he failed to respond to the Order to show cause or otherwise file his amended complaint as instructed in the February 6th Order. *Id*. Plaintiff was given fourteen (14) days to respond. Plaintiff has failed to file a recast complaint as ordered.

Thus, it is **RECOMMENDED** that Plaintiff's civil action be **DISMISSED** without prejudice for Plaintiff's failure to follow the Orders of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R.

6

Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order."); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice prisoner's *pro se* § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

    B.  Dismissal is warranted for failure to state a claim

Plaintiff names Warden Walter Berry as the Defendant to this action, but he makes no factual allegation that specifically links this Defendant to any claim. *See* ECF No. 4 at 1 and 4-5. As Plaintiff was previously advised in the Order to recast (ECF No. 6), a district court properly dismisses a complaint when the plaintiff, other than naming a defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (affirming dismissal of defendants that plaintiff failed to "associate" with an alleged constitutional violation) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"); *Butler v. Georgia,* No. 22-10291, 2022 WL

7

17484910, at *2 (11th Cir. Dec. 7, 2022) ("The plaintiff's allegations must connect the defendants with the alleged constitutional violation."). Because, here, Plaintiff fails to link Defendant Berry to any constitutional violation, his complaint should be dismissed.

To the extent Plaintiff is seeking to hold Defendant Berry liable based solely upon his supervisory role as Warden, he has failed to state a claim for relief. "It is well established in [the Eleventh Circuit] that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted). Instead, "[s]upervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Id.* (second alteration in original).

Plaintiff fails to allege that Defendant Berry had any involvement in the events about which Plaintiff complains. Any claim against Defendant Berry based solely upon his supervisory role as Warden should be dismissed. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014) ("supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability"); *Asad v. Crosby*, 158 F. App'x 166, 171-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a

causal connection between the supervisory defendants' actions and an alleged constitutional violation.").

Plaintiff's contention that the inmate's action was in violation of prison operating procedures is insufficient to establish a claim. Plaintiff generally and vaguely complains that "[p]er SOP policy, inmates are not supposed to have access to open or close door flaps." ECF No. 4 at 5. "In a § 1983 action, a federal court considers whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated." *Jones v. Schofield*, No. 1:08-CV-7 WLS, 2009 WL 902154, at 3 (M.D. Ga. Mar. 30, 2009) (*citing Rineholtz. v. Campbell* 64 F.Supp.2d 721, 731 (W.D.Tn.1999). "Prison regulations ... were never intended to confer rights on inmates or serve as a basis for constitutional claims." *Id*. "Instead, [state prison] regulations, as well as the Unified Code [of Corrections], were designed to provide guidance to prison officials in the administration of prisons." *Id*. "Prison regulations and Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or redressed in a § 1983 action." *Id*. Therefore, any § 1983 claim raised by the Plaintiff based upon a violation of prison operating procedures or policies is subject to dismissal.

For the reasons set forth, it is also **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b)(1) for failing to state a claim upon which relief may be granted.

IV.     Conclusion

For the foregoing reasons, Plaintiff's motions to proceed IFP (ECF Nos. 2 and 5) are **GRANTED**. It is **RECOMMENDED** that Plaintiff's civil action be **DISMISSED without prejudice** for failure to obey an order of the Court. It is also **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b)(1) for failing to state a claim upon which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 22nd day of April, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge